[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 20-14795

Non-Argument Calendar

_____

ALDEGUNDO SANTANA GARIBAY,

Petitioner,

*versus*

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A205-570-787

_____

Before NEWSOM, GRANT, and BRASHER, Circuit Judges.

PER CURIAM:

Aldegundo Garibay entered the United States without inspection. When the government discovered this, it placed him in removal proceedings. Garibay conceded his removability, but he also applied for cancellation of removal under 8 U.S.C. § 1229b(b), alleging that his parents and son would suffer "exceptional and extremely unusual hardship" without him. An immigration judge denied Garibay's application after a hearing, and the Board of Immigration Appeals affirmed.

Garibay now appeals to this Court, arguing that the Board applied the incorrect legal standard for hardship in making its decision. We review conclusions of law made by the Board of Immigration Appeals de novo. *Kazemzadeh v. U.S. Att'y Gen.*, 577 F.3d 1341, 1350 (11th Cir. 2009).

The Board applied the correct legal standard here. Federal law permits the discretionary relief of cancellation when an applicant establishes that, among other things, "removal would result in exceptional and extremely unusual hardship" to a qualifying spouse, parent, or child. 8 U.S.C. § 1229b(b)(1)(D). The Board faithfully applied that standard, explaining that Garibay had failed to show that his parents' and son's "hardship would surpass the hardships that family members experience when an alien is removed from the United States."

Garibay seizes upon the fact that the Board did not compare his family hardships to the "ordinary" hardships experienced by family members of those who are removed. He argues that the Board unlawfully required him "to surpass all hardships ever suffered by any family member of a removed alien." But the Board's opinion shows that this is not so—immediately after the language that Garibay attacks, it cites to multiple decisions meticulously explaining and correctly applying the hardship standard. *See In re Monreal-Aguinaga*, 23 I&N Dec. 56, 64–65 (BIA 2001); *In re Andazola-Rivas*, 23 I&N Dec. 319, 322–24 (BIA 2002). Nothing in the Board's analysis indicates that it applied a different standard, let alone one as unreasonable as Garibay now argues. We will not reverse the Board over what appears to be essentially a clerical error.

Garibay's petition is **DENIED**.